**UNITED STATES of America**

v.

**David SANCHEZ, a/k/a Alex a/k/a Alexandro Feliz Trevino**

* Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals

**David Sanchez, Appellant.**

**No. 07–4614.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2008.

Filed: Jan. 14, 2009.

Christy H. Fawcett, Esq., Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for Plaintiff–Appellee.

Gerald A. Lord, Esq., Miller, Poole & Lord, York, PA, for Appellant.

BEFORE: McKEE, NYGAARD, and SILER,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, David Sanchez, pleaded guilty to criminal conspiracy to distribute and possess with the intent to distribute, 100 kilograms or more of marijuana. He was sentenced to 121 months of incarceration. The issue he has raised before us is whether the District Court erred when it added a two-level enhancement to his sentencing calculation because two firearms were found in the Appellant's residence. The District Court had jurisdiction over Sanchez' case pursuant to 18 U.S.C. § 3231

for the Sixth Circuit, sitting by designation.

and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We have subject matter jurisdiction over Sanchez' appeal, even though he agreed to an appellate waiver in his plea agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir.2007). However, we may refuse to exercise that jurisdiction upon a finding that the appellate waiver is valid. *Id.* We make a *de novo* determination as to the validity of Sanchez' appellate waiver. *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir.2008).

We will dismiss the appeal because the record conclusively demonstrates that Appellant knowingly and voluntarily waived his right to appeal his sentence. We enforce an appeal waiver if such a waiver is entered knowingly and voluntarily, unless enforcement of the waiver would work a miscarriage of justice. The District Court complied with Fed.R.Crim.P. 11(b)(1)(N), which required it to "inform the defendant of, and determine that the defendant understands [ ... ] the terms of any provision in a plea agreement waiving the right to appeal." As the District Court complied with the Rules of Criminal Procedure, and the Appellant has alleged no miscarriage of justice, we will dismiss the appeal.